# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

| | |
|---|---|
| United States of America<br>v.<br>Demauzio Lamontae Adkins<br><br>*Defendant(s)* | Case No. 4:18mj99 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **January 31, 2018** in the county of **Danville City** in the **Western** District of **Virginia**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a) | Distribution of a Controlled Substance |
| 18 U.S.C. § 924(c)(1) | Carrying a Firearm During and in Relation to a Drug Trafficking Crime |

This criminal complaint is based on these facts:
SEE ATTACHED

❐ Continued on the attached sheet.

*Complainant's signature*

ATF Special Agent Peter Gonzalves
*Printed name and title*

Sworn to before me and signed in my presence.

Date: December 14, 2018

*Judge's signature*

City and state: Roanoke, VA

Honorable Magistrate Judge Robert S. Ballou
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

IN THE MATTER OF THE ARREST OF: )
Demauzio Lamontae Adkins, )
) **UNDER SEAL**

Case No._____

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANTS

1. I, Peter Gonzalves, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Washington Field Division, Bristol Post of Duty, having been duly sworn, depose and state as follows:

### INTRODUCTION

2. I am an investigative law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations and to make arrests for the offenses enumerated in Section 2516 of Title 18, United States Code.

3. I have been employed as a Special Agent with the ATF since August of 2016. I am currently assigned to the Bristol, Virginia Field Office. Prior to becoming an ATF Special Agent, I was a Special Agent with the US Department of State, Diplomatic Security Service for approximately six years. I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center, ATF Special Agent Basic Training, and several other training courses relating to criminal investigations. I have taken part in numerous federal, state, and local investigations concerning violations including document and identity fraud, financial fraud, cyber crimes, narcotics and firearms violations.

### STATEMENT OF PROBABLE CAUSE

4. On January 31, 2018, investigators with the City of Danville, VA Police Department (DPD) utilized a Confidential Informant (CI) to make a controlled purchase of suspected synthetic marijuana (K2) from Demauzio Lamontae Adkins. DPD investigators met with the CI at a predetermined staging location prior to the operation and searched the CI's vehicle and person for contraband, currency and weapons with negative results. The CI drove to a residence located at 125 Locust Lane in Danville, VA, and met Adkins in the front yard. After some brief conversation, the CI returned to the vehicle and Adkins entered the front passenger seat of the CI's vehicle. DPD investigators recognized the individual entering the CI's vehicle as Demauzio Adkins. The CI gave Adkins $100.00 in documented US currency, and in return received a plastic bag containing a plant-like material believed to be K2. This transaction was audio and video recorded.

1

5. During the transaction, Adkins and the CI discussed the potential for Adkins to sell firearms to the CI. Adkins told the CI he was carrying the only firearm he had at the time. Adkins then showed the CI a revolver, and can be heard in the video telling the CI it's "police edition." Adkins opened the cylinder of the revolver, showing the rear of the ammunition loaded into the cylinder. Adkins then closed the cylinder and placed the revolver in the waistband of his pants. The CI asked Adkins if it was a "38," to which Adkins responded "yeah." .38 Special is a common caliber of ammunition used in revolvers. After some additional conversation, Adkins left the CI's vehicle and the CI departed the residence. The CI then returned to the predetermined staging location, where DPD investigators searched the CI's vehicle and person for contraband, currency and weapons with negative results other than the bag of suspected K2 purchased from Adkins.

6. On February 8, 2018, DPD investigators sent the suspected K2 purchased from Adkins to the Commonwealth of Virginia Department of Forensic Science Western Lab (DFS) in Roanoke, VA for analysis. On June 15, 2018, DFS issued the results of their analysis. The test results indicate the presence of AMB-FUBINACA in the submitted sample. According to the US Federal Register, Vol. 82 No. 212, dated November 3, 2017, AMB-FUBINACA is temporarily classified as a Schedule I substance effective November 3, 2017 through November 4, 2019 by order of the Administrator of the Drug Enforcement Administration. As such, AMB-FUBINACA meets the definition of a controlled substance as defined by 21 U.S.C. § 802(6). Accordingly, distribution of AMB-FUBINACA is a violation of 21 U.S.C. § 841(a)(1).

7. Based on the video footage, it is reasonable to believe Adkins was carrying the revolver he showed the CI concealed on his person. Video footage of the January 31, 2018 controlled purchase depicts Adkins appearing to remove a revolver from the waistband of his pants, showing the CI what appears to be a loaded revolver, and then putting it into the waistband of the pants he is wearing. Based on my training and experience, I know individuals who engage in the illegal distribution of controlled substances often conceal loaded firearms on their persons for personal protection in the event they are robbed or assaulted. Distribution of a controlled substance is a felony under the Controlled Substances Act, which meets the definition of a "drug trafficking crime" under 18 U.S.C. § 924(c)(2). Pursuant to 18 U.S.C. § 924(c)(1), it is a violation to carry a firearm during and in relation to a drug trafficking crime.

8. 125 Locust Lane, Danville, VA is located in the incorporated city of Danville, which is in the Western Judicial District of Virginia.

## CONCLUSION

9. Based on the aforementioned factual information and my training and experience in criminal investigations, I submit that probable cause exists to conclude Demauzio Lamontae Adkins did knowingly and willingly distribute a controlled substance in violation of 21 U.S.C. § 841(a), and carried a firearm during and in relation to a drug

2

trafficking crime in violation of 18 U.S.C. § 924(c)(1).

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on December 14, 2018, at Roanoke, Virginia.

Peter Gonzalves, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

SWORN AND SUBSCRIBED TO BEFORE ME
THIS 14th DAY OF DECEMBER, 2018

HONORABLE JUDGE ROBERT S. BALLOU
UNITED STATES DISTRICT COURT IN THE
WESTERN DISTRICT OF VIRGINIA